

**ENTERED**
**02/07/2012**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| STEPHEN J. AUGUSTINE, | ) CASE NO. 10-32865-H3-13 |
| Debtor, | ) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Debtor's Motion to Modify Confirmed Plan" (Docket No. 69). The parties presented no evidence at the hearing on the instant motion. However, there appears to be no dispute as to the material facts. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Stephen J. Augustine ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 5, 2010. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Debtor's plan (Docket No. 39) was confirmed, by order entered on September 16, 2010 (Docket No. 45). The confirmed plan designates each secured claimant in a class by itself, and provides, with respect to the claim of Houston Police Federal Credit Union ("HPFCU") secured by a 1995 Mercedes Benz C Class[1] that Debtor will pay the value of $4,006.25, during months six through 59 of the plan's duration. (Docket No. 39).

In the instant motion, Debtor seeks to modify the plan. The proposed modification calls for a slight increase in payments, from $1,740 to $1,775 per month, but eliminates distribution to HPFCU on the claim secured by the Mercedes. Debtor proposes to surrender the Mercedes, stating in the instant motion: "The 1995 Mercedes Benz was awarded to debtor's ex-spouse in the divorce decree. The ex-spouse is obligated to pay for the vehicle in the divorce decree." (Docket No. 69).[2]

HPFCU opposes the instant motion, on three grounds. First, it argues that Debtor is attempting to file an untimely statement of intention. Second, it argues that the proposed modification does not fit within the allowed purposes of a

---

[1] The plan also addresses a claim of HPFCU secured by a 2002 BMW 3-Series.

[2] Debtor subsequently supplemented the record with a certified copy of the divorce decree. The divorce decree, which was entered on April 10, 2008, awards the Mercedes to Debtor's former spouse, and provides that she is to pay the debt secured by the Mercedes. See Docket No. 85-1, at p. 38-39.

modification under Section 1329 of the Bankruptcy Code. Third, it argues that "surrender" of the collateral requires that Debtor turn over physical possession to HPFCU.

At the hearing on the instant motion, counsel for the Chapter 13 Trustee announced that Trustee recommends approval of the modification.

## Conclusions of Law

Section 1329(a) provides in pertinent part:

> At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an unsecured claim to--
>
> > (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> * * *
>
> > (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a).

In the instant case, the proposed modification reduces the amount of payments on claims of the class represented by HPFCU's claim secured by the Mercedes. The court concludes that the instant proposed modification was not filed for a purpose not contemplated by Section 1329(a).[3]

---

[3] HPFCU's argument regarding a statement of intention is likewise without merit. The provision which requires the filing of a statement of intention, 11 U.S.C. § 521(a)(2)(A), applies

The requirements of Section 1325 apply to a modification. 11 U.S.C. § 1329(b)(1).

Section 1325(a)(5) of the Bankruptcy Code provides:

> (5) with respect to each allowed secured claim provided for by the plan—
>
> > (A) the holder of such claim has accepted the plan;
> >
> > (B)(i) the plan provides that—
> >
> > > (I) the holder of such claim retain the lien securing such claim until the earlier of—
> > >
> > > > (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> > > >
> > > > (bb) discharge under section 1328; and
> > >
> > > (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
> >
> > (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> >
> > (iii) if—
> >
> > > (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> > >
> > > (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such

---

only to a case under Chapter 7 of the Bankruptcy Code.

4

>>claim adequate protection during the period of the plan; or
>
>>(C) the debtor surrenders the property securing such claim to such holder;

11 U.S.C. § 1325(a)(5).

In In re Stone, 166 B.R. 621 (Bankr. S.D. Tex. 1993), the debtor proposed to surrender real property to IRS in payment of its claim for 1990 taxes secured by the real property.  IRS objected, asserting that it was entitled to apply the proceeds to 1976 taxes.  This court held that the proposed plan did not effectuate surrender, because surrender "was contemplated by Congress to be a return of property and a relinquishing of possession or control to the holder of the claim."  Stone, 166 B.R., at 623.

The instant case is distinguished from Stone.  Debtor does not have legal possession of the Mercedes, and cannot compel his wife to turn it over to HPFCU.  The most that Debtor can do is to relinquish his interest in the Mercedes.[4]  Moreover, to deny approval of the instant modification would permit HPFCU to receive a windfall, as it would receive payments both from the Debtor and the Debtor's former spouse.  The court concludes that the instant modification should be approved.

---

[4]This does not, of course, prevent HPFCU from exercising its remedies under applicable law if Debtor's former spouse defaults on payments for the vehicle.

Based on the foregoing a separate Judgment will be entered granting the "Debtor's Motion to Modify Confirmed Plan" (Docket No. 69).

Signed at Houston, Texas on February 7, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE